UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN PAUL UGLIS,

    Plaintiff,

v.

MACOMB COUNTY SHERIFF'S
DEPARTMENT, et al,

    Defendants.

Case No. 20-12675
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER GRANTING REQUEST TO PROCEED
IN FORMA PAUPERIS [2] AND DISMISSING
COMPLAINT FOR FAILURE TO STATE A CLAIM [1]**

On September 30, 2020, Kevin Paul Uglis filed this pro se lawsuit against the Macomb County Sheriff's Department, the Macomb County Prosecutor's Office, the Federal Bureau of Investigation, the Department of Justice Detroit, and the Michigan Unemployment Insurance Agency. (ECF No. 1.) He alleges that Macomb County is constantly surveilling him and pursuing false charges against him, that the FBI and DOJ have failed to respond to his complaints, and that the Michigan UIA is conspiring to withhold his unemployment benefits during the COVID-19 pandemic. Uglis states that he cannot pay to pursue this litigation because he has no income.

While the Court will grant Uglis's request to proceed in forma pauperis, the Court will dismiss the complaint sua sponte for frivolousness and failure to state a claim.

**I.**

Uglis asks to proceed in forma pauperis. (ECF No. 1, PageID.5; ECF No. 2.) In his complaint, he states that he cannot pay due to the "extreme difficulty of no [i]ncome during pandemic because they conspired with Michigan U.I.A. to withhold . . . my p.u.a. [Pandemic

Unemployment Assistance] benefits." (*Id.*, PageID.5.) And in a separate Application to Proceed In Forma Pauperis, he offers a declaration that he is "self employed but unable to work due to covid 19 laws and lack of work." (ECF No. 2, PageID.7.) He states that he holds $4.79 in cash or a bank account, and that he is responsible to pay $200 in rent each month and $240 each month in child support for his daughter. (*Id.*, PageID.8.)

Based on these submissions, the Court will grant Uglis's request to proceed in forma pauperis.

## II.

But that is not the end of the Court's inquiry. When a court permits a plaintiff to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Congress directed the federal courts to review or 'screen' certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted." *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)).

Although a pro se litigant is entitled to a liberal construction of his pleadings and filings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "fails to state a claim on which relief may be granted" when, "constru[ing] the complaint in the light most favorable to the plaintiff and accept[ing] all factual allegations as true," the complaint is not "plausible on its face." *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014). Dismissal of the case is appropriate where "the claim is based on an indisputably meritless legal theory[.]" *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). Moreover, an IFP complaint "is frivolous where it

lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Factual frivolousness includes allegations that are "clearly baseless," "fantastic," or "delusional." *Id*. at 327–28.

Uglis' factual claims appear to be based on a delusion that government agencies are conspiring against him. He alleges that the Macomb County Sheriff's Office has "violated my rights constantly by harassing me at home and in public to set me up on false charges by saying I exposed myself to people in public" and "sending people to my house to try and buy marijuana." (ECF No. 1, PageID.4.) He states that they have him "under constant survalance [sic]" and have caused him to "lose my job and turn family and friends against me." (*Id.*) He alleges that the FBI and the Department of Justice in Detroit have failed to respond to his complaints and requests for help—which is the only part of his complaint that sounds factually plausible. He alleges that these events have occurred "every day since April 19, 2015." (*Id.*) He moved from Michigan to California in 2017, and he asserts that the Macomb County Sheriff's Office, the San Diego County Sheriff's Office, and the FBI have followed him there. (*Id.*)

Based on those allegations, Uglis asserts the following claims: Civil Action for Deprivation of Rights (42 U.S.C. § 1983); Conspiracies to Interfere With Civil Rights (42 U.S.C. § 1985); Conspiracy Against Rights of Citizens (18 U.S.C. § 241); Deprivation of Rights Under Color of Law, (18 U.S.C. § 242); The Jurisdictional Statue for Civil Rights Cases (28 U.S.C. § 1443); and Peonage Abolished (42 U.S.C. § 1994). (ECF No. 1, PageID.4–5.) He appears to assert all of these claims against all Defendants. He also asserts a separate, unspecified Section 1983 claim against the Michigan Unemployment Insurance Agency for withholding his Pandemic Unemployment Assistance benefits. (*Id.*, PageID.4.)

Uglis alleges that Defendants have caused him post-traumatic stress disorder, but that he is not seeking treatment due to fear of his liberty and life. (*Id.*, PageID.5.) He seeks a personal protection order against all parties and compensation in the amount of $235 million dollars. (*Id.*)

Even construing the complaint in the most liberal terms and in a light most favorable to Uglis, the complaint does not plausibly state any of the legal claims that he lists. All of the factual claims in the complaint, except for the allegation that the FBI and DOJ have not responded to his complaints, appear to arise from Uglis's unfortunate and painful delusion that multiple government agencies are conspiring against him and surveilling him constantly. Because these claims are factually frivolous and because Uglis provides no facts that would support any of the legal claims he asserts, the complaint fails to state a valid claim, is frivolous, and will be dismissed.

### III.

Accordingly, Uglis's complaint is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Dated: October 21, 2020

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE